IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

SHAWN DOSS                                                                               PLAINTIFF

v.                                                                          No. 3:15CV86-MPM-SAA

WARDEN TIMOTHY OUTLAW, ET AL.                                            DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Shawn Doss, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants violated his right to due process of law by finding him guilty of a prison rule infraction, even though another inmate confessed to the infraction. For the reasons set forth below, the instant case will be dismissed as precluded under the doctrines of *res judicata* and collateral estoppel.

**Factual Allegations**

On January 7, 2014, at the Marshall County Correctional Facility in Holly Springs, Mississippi, prison staff conducted a shakedown at the plaintiff's housing unit. During the search, officers found a cellular telephone, scales, and a marijuana cigarette (all of which are prison contraband) in the Mr. Doss' living area. Captain McDougal issued Doss a Rule Violation Report (#01352722) accusing him of possession of major contraband (a cell phone). Mr. Doss' cell mate signed a document stating that all of the contraband belonged to him, but the hearing officer found

Doss guilty of the infraction. He was punished by loss of 180 days of earned time and loss of privileges for 30 days.

Doss appealed the decision through the Mississippi Department of Corrections Administrative Remedy Program, and, in the response, Warden Timothy Outlaw stated, "Your witness statement of ownership of the cell phone does not contradict the RVR that you attempted to hide the cell phone." Doss then appealed that decision to the Marshall County Circuit Court in Case No. CV2014-116. The state court held:

> The Mississippi Department of Corrections Administrative Remedy Program is the ultimate finder of fact. The Court here finds the ARP's findings were supported by substantial evidence, were not arbitrary or capricious, were not beyond the power of the agency to make, nor violated some statutory or constitutional right of the appellant.
>
> Therefore, the court hereby affirms the decision of the Mississippi Department of Corrections Administrative Remedy Program.

*Doss v. Timothy C. Outlaw, et al.*, CV 2014-116 (Marshall County Circuit Court Order Denying Relief dated April 16, 2015.) Doss' state court complaint, styled "Motion for an Order to Show Cause," and the order denying relief are attached as exhibits to the complaint in the instant case. Doss then filed the instant case seeking relief in federal court.

### *Res Judicata* and Collateral Estoppel

Generally, an affirmative defense must be pled by a party, and not raised by the court *sua sponte*. A court may, however, do so when all of the relevant facts are contained in the record before the court and are uncontested. *Mowbray v. Cameron County, Texas*, 274 F.2d 269 (5th Cir. 2001). In that situation, "we may not ignore their legal effect, nor may we decline to consider the application of controlling rules of law to dispositive facts, simply because neither party has seen fit to invite our attention by technically correct and exact pleadings." *Am. Furniture Co. v. Int'l Accommodations Supply*, 721 F.2d 478, 482 (5th Cir. Unit A Mar.1981). In the present case, the facts are uncontested and the legal outcome unambiguous, and the court will

proceed with its analysis of the affirmative defense doctrines of *res judicata* and collateral estoppel.

All of the claims the plaintiff brings in this case are barred by the doctrine of *res judicata,* (claim preclusion), and by the related doctrine of collateral estoppel (issue preclusion). *Res judicata* means "a thing decided;" the doctrine states that a final judgment on the merits rendered by a court of competent jurisdiction is conclusive as to the parties and their privies; therefore, attempts to litigate the matter further are barred. *Cromwell v. County of Sac.*, 94 U.S. 351, 352 (1876), *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). *Res judicata* bars a plaintiff from bringing a second suit based upon the same event or series of events by asserting additional facts or proceeding under a different legal theory; the doctrine prevents "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *see also Goldberg v. R. J. Longo Constr. Co.*, 54 F.3d 243, 246 (5th Cir. 1995) (*res judicata* bars claims that were or could have been raised in prior actions). In the Fifth Circuit *res judicata* bars a claim if: (1) the parties are the same in both actions, (2) the prior judgment is rendered by a court of competent jurisdiction, (3) the prior judgment was final on the merits; and (4) the cases involve the same cause of action. *Travelers Ins. Co. v. St. Jude Hospital of Kenner*, 37 F.3d 193, 195 (5th Cir. 1994). Two cases involve the same cause of action if both cases arise out of the same nucleus of operative facts. *Id. Collateral estoppel*, or issue preclusion, on the other hand, precludes relitigation of issues actually adjudicated, and essential to the judgment, in prior litigation involving a party to the first case. *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980). The doctrine of *res judicata* bars the plaintiff from relitigating any claims arising

out of Rule Violation Report #01352722 – and any suits arising out of those events as to any parties he actually sued regarding those events (in this case, Warden Timothy Outlaw and C. Jones). Therefore, under the doctrine of claim preclusion, all of the plaintiff's claims against defendants Outlaw and Jones should be dismissed as frivolous. Further, under the doctrine of issue preclusion, the plaintiff's claims must also be dismissed as frivolous, as valid judgments have been entered against the plaintiff in Marshall County Circuit Court covering these precise issues. Therefore, under the doctrines of claim preclusion and issue preclusion, the plaintiff's claims against all defendants must be dismissed as frivolous.

**Conclusion**

For the reasons set forth above, the instant case will be dismissed as frivolous, as it is barred by the doctrines of *res judicata* and collateral estoppel. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 2nd day of February, 2016.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**